# REGISTER OF ACTIONS
### CASE NO. 16-04-04824

| | | |
|---|---|---|
| **Molly Lovett VS. Allstate Texas Lloyds, Jeffrey Lee Gruber** | § § § § § | Case Type: **Contract-Other >$100,000 but <$200,000**<br>Date Filed: **04/22/2016**<br>Location: **County Court at Law #2** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Allstate Texas Lloyds**<br>Dallas, TX 75201 | **JAY SCOTT SIMON**<br>*Retained*<br>713-403-8210(W) |
| **Defendant** | **Gruber, Jeffrey Lee**<br>Elkhart, IN 46514-4055 | |
| **Plaintiff** | **Lovett, Molly** | **Bryant A. Fitts**<br>*Retained*<br>713-871-1670(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/22/2016 | **Original Petition (OCA)** |
| 04/22/2016 | **E-Filed Original Petition Document** |
| 04/22/2016 | **Request For Service** |
| 04/22/2016 | **Civil Case Information Sheet** |
| 04/22/2016 | **Jury Trial Requested** |
| 04/22/2016 | **Jury Fee Paid** |
| 04/25/2016 | **Citation** |

| | | |
|---|---|---|
| | Allstate Texas Lloyds | Served 04/29/2016 |
| | | Returned 04/29/2016 |

| | |
|---|---|
| 04/25/2016 | **Citation** |

| | | |
|---|---|---|
| | Gruber, Jeffrey Lee | Unserved |

| | |
|---|---|
| 04/29/2016 | **Return of Citation** |
| 05/20/2016 | **Answer** |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Defendant** Allstate Texas Lloyds | | |
| | Total Financial Assessment | | 40.00 |
| | Total Payments and Credits | | 40.00 |
| | **Balance Due as of 05/31/2016** | | **0.00** |
| 05/23/2016 | Transaction Assessment | | 40.00 |
| 05/23/2016 | E-File Electronic Payment   Receipt # 2016-88078 | Allstate Texas Lloyds | (40.00) |

| | | | |
|---|---|---|---|
| | **Plaintiff** Lovett, Molly | | |
| | Total Financial Assessment | | 409.00 |
| | Total Payments and Credits | | 409.00 |
| | **Balance Due as of 05/31/2016** | | **0.00** |
| 04/25/2016 | Transaction Assessment | | 409.00 |
| 04/25/2016 | E-File Electronic Payment   Receipt # 2016-83485 | Lovett, Molly | (409.00) |

**EXHIBIT B**

 CT Corporation

**Service of Process Transmittal**
04/29/2016
CT Log Number 529085003

| | |
|---|---|
| **TO:** | L&R Home Office Intake Unit<br>Allstate Insurance Company<br>2775 Sanders Rd # A2W<br>Northbrook, IL 60062-6110 |

**RE:** **Process Served in Texas**

**FOR:** Allstate Texas Lloyd's  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MOLLY LOVETT, Pltf. vs. ALLSTATE TEXAS LLOYDS and JEFFREY LEE GRUBER, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, First Set(s) of Interrogatories |
| **COURT/AGENCY:** | County Court at Law No. 2 Montgomery County, TX<br>Case # 160404824 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/29/2016 at 13:25 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Bryant Fitts<br>FITTS LAW FIRM, PLLC<br>2700 Post Oak Blvd., Suite 1120<br>Houston, TX 77056<br>713-871-1670 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/29/2016, Expected Purge Date: 05/04/2016<br><br>Image SOP<br><br>Email Notification,  Jessica Tortorello  jessica.tortorello@allstate.com<br><br>Email Notification,  Aspen Sprague  aspra@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CITATION

## Cause Number: 16-04-04824

Clerk of the Court                          Attorney Requesting Service
Barbara Gladden Adamick                     Bryant A. Fitts
P.O. Box 2985                               2700 Post Oak Boulevard Suite 1120
Conroe, Texas 77305                         Houston TX 77056

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To: Allstate Texas Lloyds
    CT Corporation System 1999 Bryan St Ste 900
    Dallas TX 75201

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Initial Written Discovery Requests at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition and Initial Written Discovery Requests was filed in said court on this the 22nd day of April, 2016 numbered 16-04-04824 on the docket of said court, and styled, Molly Lovett VS. Allstate Texas Lloyds, Jeffrey Lee Gruber

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition and Initial Written Discovery Requests accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 25th day of April, 2016.

(SEAL)                                      Barbara Gladden Adamick, District Clerk
                                            Montgomery County, Texas

                                    By: _Alex Martin_____
                                            Alexandra Martin, Deputy

## OFFICER'S RETURN

Cause No. 16-04-04824                    Court No: County Court at Law #2
Style: Molly Lovett VS. Allstate Texas Lloyds, Jeffrey Lee Gruber
To:        Allstate Texas Lloyds
Address: CT Corporation System 1999 Bryan St Ste 900
           Dallas TX  75201

Came to hand the ___ day of _____, 20 ___, at ___ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition and Initial Written Discovery Requests,
at the following times and places, to wit:
Name          Date/Time      Place, Course and distance from Courthouse
_____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy    $ _____
TOTAL                        $ _____
                                                              OFFICER
                                       _____, County, Texas
                                       By: _____, Deputy

                        **AFFIANT**
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/___, and my
address is _____
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in _____, County, State of _____ on the ___ day of
_____, 20____.
                                       _____
                                       Declarant/Authorized Process Server

                                       _____
                                       ID# & Exp. Of Certification

Received and E-Filed for Record
4/22/2016 2:23:40 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

16-04-04824

NO. _____

| | | |
|---|---|---|
| MOLLY LOVETT | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | Montgomery County - DC - County Court at Law #2 |
| | § | |
| V. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYDS and JEFFREY | § | |
| LEE GRUBER | § | · |
| | § | |
| Defendants. | § | MONTGOMERY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Molly Lovett, files this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Allstate Texas Lloyds, and Jeffrey Lee Gruber and, in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.      Molly Lovett ("Plaintiff") resides in Montgomery County, Texas.

3.      Defendant Allstate Texas Lloyds ("Allstate") is, according to the Texas Department of Insurance, a domestic insurance company doing business in Texas that may be served of process through its Registered Agent, C T Corporation System, 1999 Bryan St Ste 900, Dallas TX 75201.

4.      Defendant, Jeffrey Lee Gruber ("Gruber"), is an individual who assisted with adjusting the claim at issue and is a resident of the State of Texas. This Defendant may be served with process at 2401 Greenleaf Blvd, Elkhart, IN 46514-4055 or wherever he may be found.

## III.
## JURISDICTION & VENUE

5.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.     Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $100,000.00 and $200,000.00.

7.     Venue is proper in Montgomery County, Texas because the insured property is situated in Montgomery County, Texas and/or the contract was signed in Montgomery County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

## IV.
## FACTS

8.     Plaintiff is a named insured under a property insurance policy (the "Policy") issued by Allstate. The Policy insures, among other things, against losses from wind and hail damage to Plaintiff's property, namely, the real property and improvements located at 1910 Whitelaw Dr., Spring, TX 77386 (the "Property").

9.     On or about April 1, 2015 during the policy period, a storm caused covered damage to the Subject Property.

10.     Shortly after the storm, plaintiff noticed damage to her home.   She contacted Allstate by telephone to notify Allstate of the damage.

11.     Plaintiff submitted a claim to Allstate against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

12.     Plaintiff asked Allstate to honor its contractual obligations and cover the cost of repairs to Plaintiff's home.

13.     Allstate assigned Defendant Gruber to adjust the Claim.   Defendants Allstate and Gruber conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and Gruber spent an inadequate amount of time on the investigation.

14.     Despite obvious visible wind damage and multiple indentations in the roof caused by hail, Gruber, on his own behalf and on behalf of Allstate, verbally misrepresented to the Plaintiff at the time of the inspection that the damage to her property was minor.   Gruber then misrepresented, again on his own behalf and on behalf of Allstate in a letter to Plaintiff dated April 28, 2015 that Plaintiff's home had sustained no damage from the storm.

15.     Together, Defendants Allstate and Gruber set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

16.     Defendant Allstate failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery upon the Policy have been performed by Plaintiff.  Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

17.     Even though Plaintiff's home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy did not provide coverage for the

damage, falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.    Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

20.    Defendants failed to provide Plaintiff with a reasonable explanation for the denial of her claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.    Defendant Allstate failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

22.    Defendant Allstate failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23.    Defendant Allstate has delayed payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received any payment for her claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24.     Since the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Allstate has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Allstate's duty of good faith and fair dealing.

25.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

26.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of the Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

### A.     Breach of Contract (Against Allstate)

27.     Defendant Allstate had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Allstate breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

28.     Defendant Allstate is therefore liable to Plaintiff for breach of contract.

### B.     Prompt Payment of Claims Statute (Against Allstate).

29.     The Claim is a claim under an insurance policy with Defendant Allstate, of which Plaintiff gave Allstate proper notice, causing Allstate to be liable for the Claim.

30.     Defendant Allstate violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

     a.  Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Allstate reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

     b.  Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

     c.  Delaying payment of the Claim following Allstate's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

31.     Defendant Allstate is therefore liable to Plaintiff for damages.  In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.    Unfair Settlement Practices/Bad Faith (Against All Defendants)**

32.     Each of the foregoing paragraphs is incorporated by reference in the following.

33.     As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant Allstate**

34.     Defendant Allstate engaged in unfair settlement practices by:

     a.  misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

     b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Allstate's liability had become reasonably clear;

c. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

d. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

e. refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

35.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Allstate and was a producing cause of Plaintiff's damages. Allstate is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Gruber**

36.     Defendant Gruber was a contractor and/or adjuster assigned by Defendant Allstate to assist with adjusting the Claim. Defendant Gruber was charged with investigating the Claim and communicated with Plaintiff about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

37.     Defendant Gruber was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

38.     Defendant Gruber conducted a substandard, results-oriented inspection of the Subject Property. As such, Gruber failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

39.     Further, Defendant Gruber misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses.  Additionally, Gruber failed to provide Plaintiff with a reasonable explanation as to why Allstate was not compensating Plaintiff for the covered losses, or the true value thereof.

40.     Thus, Defendant Gruber engaged in unfair settlement practices by:

    a.  misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

    b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Allstate's liability had become reasonably clear;

    c.  failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Allstate's denial of a claim or offer of a compromise settlement of a claim; and/or

    d.  failing to conduct a reasonable investigation of Plaintiff's Claim.

41.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Gruber and was a producing cause of Plaintiff's damages.  Gruber is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**D.     DTPA (Against All Defendants)**

42.     Each of the foregoing paragraphs is incorporated by reference here fully.

43.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

44.     Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

    a.  Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

PLAINTIFF'S ORIGINAL PETITION                                                                    PAGE 8

b.  Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

c.  Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed;

d.  Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

e.  Generally engaging in unconscionable courses of action while handling the claim; and/or

f.  Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

45.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

46.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.     Breach of Duty of Good Faith and Fair Dealing (Against Allstate)**

47.     Defendant Allstate breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Allstate knew or should have known liability was reasonably clear. Allstate's conduct proximately caused Plaintiff's damages.

48.     Defendant Allstate is therefore liable to Plaintiff.

**F.    Attorneys' Fees**

49.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

50.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

51.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

52.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

53.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

54.     Plaintiff demands a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

55.     Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

56.     All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

57.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of Plaintiff's intent to use all discovery instruments produced in this case at trial.  Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiff prays that citations be issued and, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

*Bryant Fitts*

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION TO DEFENDANT
## ALLSTATE TEXAS LLOYDS

PLAINTIFF in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

_Bryant Fitts_

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

   This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.

Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:
   a. Identify the title of the document and it's general subject matter;
   b. State the date of the document;
   c. Identify the persons who participated in its preparation;
   d. Identify the persons for whom it was prepared or to whom it was sent;
   e. State the nature of the privilege claims; and
   f. State in detail each and every fact upon which you base your claims for privilege.

4. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5. "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6. When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state
   a. His/her full name;
   b. Present or last known residence address;
   c. Present or last known business address; and,
   d. Present residence and/or business telephone number.

7. If you decide that one question constitutes more that one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions. By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8. "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1.** State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**Response:**

**Interrogatory No. 2.** List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**Response:**

**Interrogatory No. 3.** Do you contend that Plaintiff did not provide you and/or the adjuster or other third parties with all information you and/or the adjuster requested in order to properly evaluate Plaintiff's claim? If so, please state what information was requested and not provided, and the dates of the requests.

**Response:**

**Interrogatory No. 4.** State the basis, in fact and in the terms of the policy, for your denial or partial denial of any portion of Plaintiff's claim for coverage for wind and hail damage to the Subject Property.

**Response:**

**Interrogatory No. 5.** State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit including the name, address and telephone number of the identified person's supervisor. For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

**Response:**

**Interrogatory No. 6**. For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. Formerly Art. 21.21, *et seq*., and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq*. Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**Response:**

**Interrogatory No. 7**. State the legal theories, and describe the factual bases for your contention that Defendants or third parties fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**Response:**

**Interrogatory No. 8**. Identify every other insurance claim file with Defendant for property damage within a radius of (5) five of the property address at issue in this case, and stemming from the same storm, which claim was denied in part or whole. State the name, phone number and address of the insured.

**Response:**

**Interrogatory No. 9**. Please explain your policy, practice and procedure of inspecting properties prior to insuring such properties. Please include in your explanation the reasoning behind conducting such inspections.

**Response:**

**Interrogatory No. 10**. How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following: a. what performance measures are used b. describe your bonus or incentive plan for adjusters.

**Response:**

**Interrogatory No. 11.** Please state whether Defendant(s) took, or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant(s) saw a transcription of same.

**Response:**

**Interrogatory No. 12**.   Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

**Response:**

**Interrogatory No. 13**.   State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made.

**Response:**

**Interrogatory No. 14**.   State the name, address, and telephone number of the office which each person involved in adjusting the claim at issue worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**Response:**

**Interrogatory No. 15**.   If you received complaints from an insurance agent concerning the handling of this claim and/or any hail or windstorm claims made pertaining to the same date of loss as this case, identify such agent by name, address, and telephone number and the nature of the complaint.

**Response:**

**Interrogatory No. 16**.   Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**Response:**

**Interrogatory No. 17**.   For each investigation by a Texas governmental agency within the last four years into Defendant's(s') practices when handling first party claims for building damage, business personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant(s) communicated for purposes of the investigation.

**Response:**

## FIRST SET OF REQUEST FOR PRODUCTION

**Request for Production No. 1.** A certified copy of the insurance policy issued by Defendant to Plaintiff.

**Response:**

**Request for Production No. 2.** The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept, drafts of all documents in the file, and any notes, reports or applications.

**Response:**

**Request for Production No. 3.** The claim files, whether in hard copy or electronic format, from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**Response:**

**Request for Production No. 4.** The electronic diary, including the electronic and paper notes made by Defendant's(s') claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff claims.

**Response:**

**Request for Production No. 5.** All procedure or policy manuals or operations guides (including document(s) maintained in electronic form) meant to instruct claims adjusters, claims handlers, or vendors in handling claims for coverage for property damage, water damage, roof and/or wind damage in Texas from the date of the loss at issue in this claim, and one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [Insurance carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 6.** All training and educational materials which instruct claims adjusters, claims handlers or vendors in handling claims for property damage coverage under property insurance policies in Texas.

**Response:**

**Request for Production No. 7.** Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).
**Response:**

**Request for Production No. 8.** The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 9.** Any engineering or other reports prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**

**Request for Production No. 10.** If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's insured property for the date of loss associated with Plaintiff's claim.

**Response:**

**Request for Production No. 11.** If you contend that the damages are caused by anything other than the event at issue in the underlying claim, produce all related claim files, reports, and photos in your possession, including produce any reports concerning wind and hail radius.

**Response:**

**Request for Production No. 12.** Any roofing repair reports prepared concerning the Insured Location.

**Response:**

**Request for Production No. 13.** The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**Response:**

**Request for Production No. 14.** The emails, instant messages, text messages and internal correspondence pertaining to Plaintiff's underlying claim.

**Response:**

**Request for Production No. 15**. The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**Response:**

**Request for Production No. 16.** Defendant's(s') internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas windstorm and hail claims that were issues from one year prior to the date of loss at issue to one year after the date, including , but not limited to, memoranda issued to claims adjusters.

**Response:**

**Request for Production No. 17.** The price guidelines that pertain to the handling of claims arising out of windstorm and hail storms. In the event you utilize published guidelines or "off the shelf" software as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**Response:**

**Request for Production No. 18.** The Plaintiff's file from the office of their insurance agent.

**Response:**

**Request for Production No. 19.** The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**Response:**

**Request of Production No. 20.** The documents, manuals and training materials, including audio and/or video tapes used in training, overseeing or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 21.** The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

**Response:**

**Request for Production No. 22.** The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

**Response:**

**Request for Production No. 23.** The documents reflecting reserves applied to the subject claim.

**Response:**

**Request for Production No. 24.** For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions, performance evaluations, performance investigations associated with claims handling and performance under a bonus or incentive plan.

**Response:**

**Request for Production No. 25.** The managerial bonus or incentive place for claims managers responsible for windstorm and hail claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 26.** The bonus or incentive plan for adjusters responsible for windstorm and hail claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 27.** The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm and hail claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 28.** If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

**Response:**

**Request for Production No. 29.** The Complaint Log required to be kept by you for windstorm and hail complaints in Texas filed over the past three years.

**Response:**

**Request for Production No. 30.** Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 31.** The contract between the Defendant insurer and the Defendant third party adjusting company.

**Response:**

**Request for Production No. 32.** The correspondence between the Defendant insurer and the third party adjusters/adjusting firms, engineers and other estimators who work on the claim that pertain to the Claim at issue.

**Response:**

**Request for Production No. 33.** Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

**Response:**

**Request for Production No. 34.** Any and all organizational charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**Response:**

**Request for Production No. 35.** Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).

**Response:**

**Request for Production No. 36.** Any and all training manuals used by third party vendors, independent adjusting firms, and/or claims management entities to train their adjusters on handling property damage claims for Defendants. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**Request for Production No. 37.** Any and all documents reflecting inspections completed by or on behalf of Defendant prior to binding the insurance policy at issue in this lawsuit.

**Response:**

**Request for Production No. 38.** Any investigative report not included in the claim file.

**Response:**

**Request for Production No. 39.** If you contend that Plaintiff has filed prior claims that are related to the claim at issue in this suit, provide the claim files associated with those prior claims.

**Response:**

**Request for Production No. 40.** If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION TO DEFENDANT
## JEFFREY LEE GRUBER

PLAINTIFF in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.

Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:
   a. Identify the title of the document and it's general subject matter;
   b. State the date of the document;
   c. Identify the persons who participated in its preparation;
   d. Identify the persons for whom it was prepared or to whom it was sent;
   e. State the nature of the privilege claims; and
   f. State in detail each and every fact upon which you base your claims for privilege.

4. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5. "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6. When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state
   a. His/her full name;
   b. Present or last known residence address;
   c. Present or last known business address; and,
   d. Present residence and/or business telephone number.

7. If you decide that one question constitutes more than one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions. By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8. "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**. State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**Response:**

**Interrogatory No. 2**. List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**Response:**

**Interrogatory No. 3**. State the basis, in fact and in the terms of the policy, for Defendant's denial or partial denial, of any portion of Plaintiff's claim for coverage for wind and hail damage to the Subject Property.

**Response:**

**Interrogatory No. 4**. State the basis, in fact and in the terms of the policy, for Defendant's failure to pay Plaintiff's full claim of damages or any portion of Plaintiff's claimed damages for coverage for wind and hail damage to the Subject Property, as well as state whether Defendant recommended payment on Plaintiff's claim(s), and if so, in what amount(s).

**Interrogatory No. 5**. State the name, address, telephone number and job title or position of all persons and/or entities Defendant retained or solicited an opinion from in the investigation of Plaintiff's claims(s).

**Response:**

**Interrogatory No.6**. Provide Defendant's employment history, including job titles, in the field of insurance and/or home construction, including the date on which Defendant became licensed as an adjuster in the State of Texas and any other states in which you hold licenses.

**Response:**

**Interrogatory No. 7**. List any and all courses, seminars, education, training or other experiences you have attended or received, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**Response:**

**Interrogatory No. 8**. State the legal theories, and describe the factual bases for your contention that you fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**Response:**

**Interrogatory No. 9**. Identify every other insurance claim adjusted or investigated by you, stemming from the same storm at issue in this case and made for hail and/or wind property damage with Defendant Insurance carrier in the same city/town as the house at issue in this case, and which claim was denied in part or whole. State the name, phone number and address of the insured.

**Response:**

**Interrogatory No. 10**. State the cause number, style, and court for each lawsuit filed against you in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055 et seq. formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.

**Response:**

**Interrogatory No. 11**. List any and all courses, seminars, education, training or reference materials you attended or received specific to handling and investigation of wind and/or hail related policy claims and/or wind and/or hail related property damages, and the name of the entity from which it was acquired. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**Response:**

**Interrogatory No. 12**. State the name, address, and telephone number of each policyholder who gave you or any other Defendant written notice, within the last five years, of a complaint about your handling of first party claims for property damage coverage under homeowner insurance policies in Texas, including complaints made to the Texas Department of Insurance.

**Response:**

**Interrogatory No. 13**. State whether you requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made, such as to a supervisor, engineer, roofer or any other person(s), including the name, address and telephone number of each individual or entity.

**Response:**

**Interrogatory No. 14**. State the name, address, and telephone number of the office which the Defendant worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor while handling Plaintiff's claim(s).

**Response:**

**Interrogatory No. 15**. If in the (5) five years preceding that date of loss at issue in this case, Defendant was disciplined or received a negative performance evaluation during his/her course of employment, describe the cause and/or nature of such discipline or evaluation, the date that it occurred.

**Response:**

**Interrogatory No. 16:** If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the loss at issue in this case. Identify the person(s) involved in each step.

**Response:**

**Interrogatory No. 17:** From the date the claim at issue in this case was opened to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; Inspection Notes, diagrams, reserves sheet; electronic claims diary; a claims review report; pricing report)?

**Response:**

**Interrogatory No. 18:** Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

**Response:**

## FIRST SET OF REQUEST FOR PRODUCTION

**Request for Production No. 1.** The claim files, whether in paper or electronic format, from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**Response:**

**Request for Production No. 2.** The electronic diary, including the electronic and paper notes made by you relating to the Plaintiff's claim(s).

**Response:**

**Request for Production No. 3.** Any investigative report not included in the claims file, including the field notes, hand written notes, measurements and file maintained by you relating to and/or relied upon in the adjustment the Plaintiff's claim(s).

**Response:**

**Request for Production No. 4.** The emails, instant messages, text messages and internal correspondence pertaining to Plaintiff's claim.

**Response:**

**Request for Production No. 5.** Any and all materials received from any and all courses, seminars, education, training or other experiences you have attended, in the (5) five years preceding the date of loss for the claim at issue in this suit, concerning knowledge of Texas Insurance Code Chapter 541. formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.*

**Response:**

**Request for Production No. 6.** Any and all records of Continuing Education courses that you have attended in person and/or participated in online, during the (5) five years preceding the date of loss for the claim at issue in this suit.

**Response:**

**Request for Production No. 7.** Any and all materials that you have received which include policies and/or procedures which relate to the handling of wind and/or hail claims in Texas in effect from the date of loss at issue in this case, and back one and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [Insurance carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 8.** All materials meant to instruct and guide you under Texas law and/or company policy with regard to unfair claim settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith. This request is limited to the (5) five years preceding the date of loss for the claim at issue in this suit.

**Request for Production No. 9.** Any and all records of communications, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim.

**Response:**

**Request for Production No. 10.** Any and all written records of communications, including electronic, between Defendant and any third party regarding Plaintiff's claim.

**Response:**

**Request for Production No. 11.** Any and all written records of communications, including electronic, between Defendant and any other Defendant regarding Plaintiff's claim.

**Response:**

**Request for Production No. 12.** All documents related to your job evaluations, disciplinary actions, achievements, awards, and performance under a bonus or incentive plan.

**Response:**

**Request for Production No. 13.** All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this case.

**Response:**

**Request for Production No. 14.** All preferred vendor lists referred to or utilized by you to hire any third party or other Defendant to assist with the investigation of Plaintiff's claim.

**Response:**

**Request for Production No. 15.** The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**Response:**

**Request for Production No. 16.** Defendant Insurance carrier's internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas wind and hail claims that were issued from one year prior to the date of loss at issue to one year after the date.

**Response:**

**Request for Production No. 17.** The file maintained by you at your home, office, or in your vehicle relating to Plaintiff's claim(s).

**Response:**

**Request for Production No. 18.**  The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**Response:**

**Request for Production No. 19.**  Any and all advanced or specialized certifications held by you pertaining to claims handling, construction, and/or pertaining to the Property made the basis of this suit.

**Request for Production No. 20**.  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

Received and E-Filed for Record
5/2/2016 3:06 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-04-04824

| | | |
|---|---|---|
| MOLLY LOVETT, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYDS AND | § | |
| JEFFREY LEE GRUBER, | § | |
| | § | |
| Defendants. | § | COUNTY COURT AT LAW NO. 2 |

## DEFENDANT ALLSTATE TEXAS LLOYD'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyd's ("Defendant"), and files this its Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

**I.**
**ORIGINAL ANSWER**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II.**
**DEMAND FOR JURY TRIAL**

Defendant herein makes demand for a jury trial in this case, and will tender the applicable fees thereon.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

_/s/Jay Scott Simon_
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8216
Telecopy: (713) 403-8299

**ATTORNEY FOR DEFENDANT ALLSTATE TEXAS LLOYD'S**

## CERTIFICATE OF SERVICE

This is to certify that on May 20, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service:

Bryant Fitts
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056


                                      */s/Jay Scott Simon*
                                      Jay Scott Simon